United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER T. CHAMPION, § § § § § § § § § § § | | CIVIL ACTION NO. 4:19-cv-03025 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| TEXAS SOUTHERN UNIVERSITY, | | |
| Defendant. | | |

**OPINION AND ORDER ON DISMISSAL OF CLAIMS**

Before the Court are two motions by Defendant Texas Southern University. One is a partial motion to dismiss claims brought by Plaintiff Walter T. Champion. Dkt 8. The other is a motion to dismiss his requests for punitive damages. Dkt 21.

The motions are granted.

1. Background

This case concerns allegations of racial discrimination asserted by a tenured law professor against the law school where he teaches, the Thurgood Marshall School of Law at Texas Southern University. Dkt 1. TSU is a historically black college or university. Champion is white. He alleges that he is paid less than his nonwhite colleagues. He also alleges that he was not renominated to his position as the George Foreman Professor of Sports and Entertainment Law because of his race.

Champion brings causes of action for racial discrimination in violation of Title VII, 42 USC § 2000 et seq., and under the Texas Whistleblower Act, Texas Government Code § 554.001 et seq.

The Court heard argument at a status conference held on January 20, 2020.

2. Legal Standard

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The Fifth Circuit holds that dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Miss Plaintiffs)*, 668 F3d 281, 286 (5th Cir 2012) (quotations and citations omitted).

The party asserting jurisdiction bears the burden of proving by a preponderance of the evidence that subject-matter jurisdiction is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996). The reviewing court may consider the complaint, undisputed facts in the record, and the court's resolution of disputed facts when determining its jurisdiction. *Morris v Thompson*, 852 F3d 416, 419 (5th Cir 2017), citing *Ramming v United States*, 281 F3d 158, 161 (5th Cir 2001).

The Eleventh Amendment of the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This amendment sets an important limit against the exertion of the federal judicial power over the individual states. It thus "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v Region 20 Education Services Center*, 307 F3d 318, 326 (5th Cir 2002); see also *Hans v Louisiana*, 134 US 1, 10 (1890).

Any consent to suit by a state must be unequivocal. *Pennhurst State School & Hospital v Halderman*, 465 US 89, 99 (1984). And this immunity also encompasses certain actions against state agents and state instrumentalities—not simply those actions

directly naming a state as the defendant. *Regents of the University of California v Doe*, 519 US 425, 429 (1997).

### 3. Analysis

TSU seeks dismissal of Champion's claim under the Texas Whistleblower Act on the grounds of sovereign immunity. It does not seek dismissal of the Title VII claim except to the extent that Champion pleads for punitive damages.

#### a. Sovereign immunity and the Texas Whistleblower Act

Texas state law defines a "State Agency" as including "a university system or an institution of higher education as defined by Section 61.003, Education Code." Tex Gov Code § 572.002(10)(B). The Texas Supreme Court holds that state universities are state agencies that enjoy sovereign immunity. *Lowe v Texas Tech University*, 540 SW2d 297, 298 (Tex 1976); see also *Hancerling v Texas A&M University,* 986 SW2d 373, 374 (Tex App—Houston [1st Dist] 1999). It has also specifically determined that sovereign immunity applies to claims against Texas Southern University. See *Federal Sign v Texas Southern University*, 951 SW2d 401, 405 (Tex 1997), revd on other grounds by *Nazari v State*, 561 SW3d 495 (Tex 2018). Other courts of this district have found this as well. For example, see *Jackson v Texas Southern University*, 997 F Supp 2d 613, 623 (SD Tex 2014); *Taylor v Texas Southern University*, 2013 WL 3157529, *3 (SD Tex).

TSU thus protests the whistleblower claim that Champion asserts against it in this federal court. Dkt 8 at 3. It correctly notes that the State of Texas has waived immunity for whistleblower claims—but only in its own courts. *Martinez v Texas Department of Criminal Justice*, 300 F3d 567, 575 (5th Cir 2002). As stated by the Fifth Circuit, "the Texas Whistleblower Act's waiver of sovereign immunity in Texas *state* court does not amount to a waiver of its sovereign immunity in *federal* court." *Perez*, 307 F3d at 333 (emphasis in original).

Champion makes several arguments to save the whistleblower claim for litigation here. In an unqualified assertion he says, "The Defendant cites no cases to bolster its position that the 11th Amendment deprives the court of subject-matter jurisdiction for Whistleblower claims." Dkt 12 at 10. This is

3

starkly false. TSU extensively quotes from *Martinez v Texas Department of Criminal Justice*, 300 F3d at 575–76. This refutes not only any argument that authority does not oppose his claim, but also any ability in good faith to say that TSU failed to identify it.

He refers to *Hoskins v Kaufman Independent School District*, where the Northern District of Texas found that Eleventh Amendment immunity did not shield an independent lower-education school district from suit in federal court upon finding that it was not a state agency or an arm of the State of Texas. 2003 WL 22364356, *1 (ND Tex), citing *San Antonio ISD v McKinney*, 936 SW2d 279, 284 (Tex 1996). But TSU is not an independent school district. As just noted, contrary controlling authority clearly holds that sovereign immunity pertains to TSU and other public universities like it.

Champion also suggests that federal jurisdiction exists over his state-law whistleblower claim because it is "connected to valid federal claims." Dkt 12 at 9. To the contrary, "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Hernandez v Texas Department of Human Services*, 91 Fed App'x 934, 935 (5th Cir 2004) (unpublished), citing *Pennhurst*, 465 US at 120. The supplemental jurisdiction statute now codified at 28 USC § 1367 does not abrogate Eleventh Amendment immunity. *Hernandez*, 91 Fed App'x at 935, citing *Raygor v Regents of the University of Minnesota*, 534 US 533, 541–42 (2002).

He also contends that sovereign immunity does not apply "if the monies do not come from the State Treasury" because the funds would come from a "discretionary account" at TSU. Dkt 12 at 12–13. This is specious. When it applies, sovereign immunity is just that—immunity from suit at the outset. And the decisions above hold that TSU as an entity is entitled to such immunity. Nothing in them suggests that a federal court should make that call only after conducting an accounting of the source of any funds that might pay a judgment at the end of the day. The contention is also nonsensical. If TSU has discretionary funds laying about, they derived originally from or are attributable at some point to the public fisc.

Champion also argues that the Eleventh Amendment does not bar prospective injunctive relief to end violations of federal law. Id at 11–12. This is a needless tangent. TSU seeks dismissal only of the Texas Whistleblower Act claim. It simply reserves the right to move against the Title VII claim in its entirety at a later time. See Dkt 13 at 1 n 1.

Dismissal of the Texas Whistleblower Act claim is appropriate. For its part, TSU asks that such dismissal be with prejudice because Champion sued well after the ninetieth day upon which the violation occurred or was discovered. Dkt 8 at 4–5, citing Texas Government Code § 554.005. The Court declines to rule on this contention. TSU's argument as to sovereign immunity concedes that the whistleblower claim is not barred before an appropriate Texas state court. Id at 3. Argument on the merits of that claim is necessarily suited to resolution before a court with jurisdiction

Dismissal will be without prejudice. TSU may raise its time-bar contention before the state courts if necessary.

    b.   Punitive damages and Title VII

Champion also seeks to preserve his ability to seek punitive damages as to his Title VII claim. Dkt 25 at 5–6. Title VII does allow a plaintiff to claim punitive damages in certain circumstances. See 42 USC § 1981a(a)(1). But it explicitly exempts assertion of punitive damages against "a government, government agency or political subdivision." 42 USC § 1981a(b)(1); see also *Oden v Oktibbeha County, Miss*, 246 F3d 458, 466 (5th Cir 2001). This Court has no authority to award punitive damages to Champion under Title VII—and indeed, to do so would be plain error. *Oden*, 246 F3d at 466.

For the same reasons as above, the Court declines to address whether punitive damages are available under the Texas Whistleblower Act. Dkt 25 at 8.

    4.   Conclusion

The partial motion to dismiss for lack of jurisdiction is GRANTED. Dkt 8.

The motion to dismiss request for punitive damages is GRANTED IN PART. Dkt 21.

Champion's claim under the Texas Whistleblower Act is DISMISSED WITHOUT PREJUDICE.

Champion's claim for punitive damages under Title VII is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on May 28, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge