United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER T. CHAMPION, Plaintiff, | § § § § | CIVIL ACTION NO. 4:19-cv-03025 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TEXAS SOUTHERN UNIVERSITY, Defendant. | § § § | |

## OPINION AND ORDER
## GRANTING LIMITED MOTION TO DISMISS

The limited motion by Defendant Texas Southern University to dismiss the claim by Plaintiff Walter T. Champion for failure to renominate him to a chaired professorship is granted. Dkt 27.

1. Background

This case concerns allegations of racial discrimination asserted by Champion against the Thurgood Marshall School of Law at Texas Southern University. Dkt 1. TSU is a historically black college or university. Champion is white. He alleges that TSU pays him less than professors of other races and that it declined to renew his chaired professorship because of his race. Id at ¶¶ 16–22. He also alleges that TSU has "denied [him] lucrative promotions, such as deanships and directorships" in favor of less-qualified "non-white professors." Id at ¶ 31.

Of pertinence to the subject motion, Champion was the George Foreman Professor of Sports and Entertainment Law from 2006 to 2012. The parties don't dispute that this chaired professorship ended in May 2012, although the exact date and details are unclear. Regardless, TSU never renominated him to that position. Champion alleges that it should have and that he talked to various deans many times on that subject. He continues to teach at TSU. See id at ¶¶ 11, 18, 36.

Champion filed a charge of discrimination with the Equal Employment Opportunity Commission in April 2018 and received a right-to-sue notice in May 2019. Dkt 1 at ¶ 40; see also Dkt 27-1. He subsequently filed this lawsuit, bringing causes of action for racial discrimination in violation of Title VII, 42 USC § 2000 *et seq*, and under the Texas Whistleblower Act, Tex Gov Code § 554.001 *et seq*. The latter claim has already been dismissed without prejudice as barred by sovereign immunity. His claim for punitive damages was also dismissed with prejudice as prohibited by Title VII. See Dkt 26 at 3–5.

TSU has since filed a second limited motion to dismiss for failure to state a claim. It asserts failure to timely exhaust administrative remedies as to Champion's claim that he should have been renominated to the George Foreman professorship. See Dkt 27 at 4–8.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker*, 938 F3d at 735. And the court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*,

2

748 F3d 631, 635 (5th Cir 2014), quoting *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000).

Champion argues that the motion by TSU is itself untimely, being filed "nearly a year into this litigation." Dkt 33 at 7. But Rule 12(h)(1) limits waiver only to defenses listed in Rules 12(b)(2), (b)(3), (b)(4), and (b)(5). To the contrary, Rule 12(h)(2) permits defenses under Rules 12(b)(1), (b)(6), and (b)(7) to be raised later, including at trial. The motion by TSU isn't untimely. It might perhaps be better characterized as one under Rule 12(c). See generally Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1361 (West 3d ed 1999). Labels aside, the legal standards governing consideration under Rules 12(b)(6) and 12(c) are the same. See generally *Puckett v United States*, 82 F Supp 2d 660, 663 (SD Tex 1999).

    3.    Analysis

The parties appear to agree that this claim is in substance for failure of renomination. For instance, Champion avers in his complaint, "Plaintiff was not appointed to this position." Dkt 1 at ¶ 36. In its motion, TSU states, "Plaintiff served in the George Foreman Professorship position from 2006 through 2012, but was not re-nominated in 2012." Dkt 27 at 2. Champion in response then says that the "position was not renewed in 2012." Dkt 33 at 17.

Proper characterization of the claim has meaning to the analysis. This is so because a plaintiff must show that he suffered an adverse employment action to state a claim for discrimination under Title VII. For example, see *Pegram v Honeywell, Inc*, 361 F3d 372, 382 (5th Cir 2007). No circuit court appears to have specifically considered whether the failure to renominate a professor to a chaired professorship constitutes an adverse employment action for purposes of Title VII. But the Fifth Circuit has answered the question squarely in the negative when addressing the issue in the context of a First Amendment retaliation.

In *Oller v Roussel*, the plaintiff professor alleged that the defendant university retaliated against him after he spoke publicly on his belief of a relationship between vaccines and autism. 609 F Appx 770, 772 (5th Cir 2015, *per curiam*). The plaintiff

alleged (among other things) that the university declined to renew his endowed professorship, which he'd held for three consecutive three-year terms. Id at 774. The Fifth Circuit cautioned that courts should be "particularly reluctant to interfere with decisionmaking in the academic context," including "teaching assignments, pay increases, administrative matters, and departmental procedures." Id at 773, quoting *Dorsett v Board of Trustees for State Colleges and Universities*, 940 F2d 121, 123 (5th Cir 1991). And at more length it stated, "Of all fields that the federal courts should hesitate to invade and take over, education and faculty appointments at the university level are probably the least suited for federal court supervision." *Oller*, 690 F Appx at 773, quoting *Dorsett*, 940 F2d at 123.

And so, the Fifth Circuit held that "the decision not to renew [the chaired professorship] is not an adverse employment action." Id at 774. This was upon express finding that the position was "a discretionary, merit-based award based in part" on the university's "assessment of the quality of a professor's work and his value to the department." Ibid. The plaintiff had no entitlement to the professorship after expiration, and the Fifth Circuit again observed, "Courts are not the appropriate forum for evaluating education and faculty appointments." Ibid.

*Oller* proceeded in the context of First Amendment retaliation. But such analysis controls the decision here, even though this action proceeds on the asserted basis of Title VII discrimination. This is so because the pertinent standard is without meaningful distinction. As to Title VII discrimination, adverse employment actions "consist of ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v City of Waco*, 764 F3d 500, 503 (5th Cir 2014). As to First Amendment retaliation, adverse employment actions "are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Oller*, 609 F Appx at 772, quoting *Breaux v City of Garland*, 205 F3d 150, 157 (5th Cir 2000), in turn quoting *Pierce v Texas Department of Criminal Justice*, 37 F3d 1146, 1149 (5th Cir 1994). Indeed, the Fifth Circuit in *Oller* cited a Title VII case when analyzing the alleged adverse employment actions. Id at 773–74, citing *Thompson*, 764 F3d at 505.

4

The parties describe the circumstances as being the decision by TSU not to renominate Champion for the George Foreman endowed professorship when his term ended. That endowed professorship is held for a term of years and is discretionarily awarded by TSU. Dkt 1 at ¶¶ 17–22. Perhaps the claim could be pleaded under a failure-to-promote, demotion, termination, or some other theory. But the legal theory as currently pleaded isn't cognizable.

The claim for failure to renominate will be dismissed.

### 4. Potential for repleading

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit has long held that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*, 660 F2d 594, 597(5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006).

The claim related to the George Foreman professorship will be dismissed without prejudice. Champion may seek leave to amend to reassert this claim in viable form, subject to the dictates of Rule 11(b). Prior to seeking leave, Champion must share a draft of his amended complaint with TSU. When conferring, TSU must identify and attempt to resolve in good faith any issues upon which it would intend to bring further motion under Rule 12(b)(6) or Rule 12(c), in line with Section 17 of this Court's procedures.

This ruling moots the assertion by TSU of failure to timely exhaust administrative remedies as against the currently pleaded claim. TSU may reassert exhaustion against any recharacterization of this claim in subsequent pleading.

### 5. Conclusion

The partial motion to dismiss by Defendant Texas Southern University is GRANTED. Dkt 27.

The claim by Plaintiff Walter T. Champion for failure to renominate is DISMISSED WITHOUT PREJUDICE. Champion may seek leave to amend by April 23, 2021, if desired.

5

SO ORDERED.

Signed on March 30, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge