United States District Court
Southern District of Texas
**ENTERED**
April 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER T. CHAMPION, | § § | CIVIL ACTION NO. 4:19-cv-03025 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TEXAS SOUTHERN UNIVERSITY, | § § § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendant Texas Southern University is granted. Dkt 39.

1. Background

Defendant Texas Southern University is a historically Black university. Plaintiff Walter T. Champion is a White professor of law at TSU's Thurgood Marshall School of Law. Champion alleges that TSU pays him less than professors of other races and declined to renew his professorship on the basis of his race. Dkt 1 at ¶¶ 11–22. He also contends that TSU "denied [him] lucrative promotions, such as deanships and directorships" in favor of less-qualified "non-white professors." Id at ¶ 32. He filed this lawsuit to assert two—and only two—causes of action. The first is for racial discrimination in violation of Title VII, 42 USC § 2000 *et seq*. See Dkt 1 at ¶¶ 28–32. The other is for retaliation under the Texas Whistleblower Act, Texas Government Code § 554.001 *et seq*. Dkt 1 at ¶¶ 33–39. In his conclusion and prayer, he also purported to seek an award of punitive damages. Id at 11–12.

TSU previously moved to dismiss Champion's claim under the Texas Whistleblowers Act and his request for punitive damages to the extent it pertained to his Title VII claim. Dkts 8 & 21. The claim under the Texas Whistle Blower Act was found to be barred by sovereign immunity and dismissed without prejudice to refiling action against TSU in the proper forum on that basis. The request for punitive damages was dismissed with prejudice. Dkt 26.

Asserting failure to exhaust administrative remedies, TSU then moved to dismiss claims that Champion should have been renominated to the George Foreman professorship. Dkt 27. That claim was dismissed without prejudice for failure to plead a legally cognizable claim with instruction to Champion that he could seek leave to amend, if desired, by April 23, 2021. Dkt 35. He didn't seek leave but instead unilaterally filed a first amended complaint on that day. Dkt 36. A motion by TSU to strike the same was granted, with Champion being advised that no further amendment would be allowed. See Dkts 37 & 38.

TSU now moves to dismiss with prejudice all remaining claims against it, asserting both lack of subject matter jurisdiction and failure to state a claim. Dkt 39.

2. Legal standard

Notwithstanding that the only possible surviving claims at this point are under Title VII, the briefing of the parties seems to indicate that Champion is somehow independently pursuing claims under the Fair Labor Standards Act and 42 USC §§ 1981, 1983 and 1985. See Dkt 39 at 1–2 (motion), Dkt 42 at 10–16 (response), and Dkt 43 at 2–5 (reply). But such claims simply aren't pleaded in a fair reading of the two specific counts of his complaint. See Dkt 1 at ¶¶ 28–39. Such arguments needn't be addressed for the simple reason that no such claims are pending before this Court.

TSU brings its current motion in part under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the purported claims under the FLSA and 42 USC §§ 1981, 1983 and 1985. Dkt 39 at 5–9. This contention won't be

addressed for reasons just stated. But prior ruling by this Court does plainly undermine Champion's assertions in this regard. See Dkt 26 at 3–5 (dismissal of Texas Whistleblower Act Claim based on sovereign immunity).

Remaining, then, is TSU's motion for failure to state a claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). But courts don't accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010) (citation omitted). And the court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014), quoting *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000).

3. Analysis

TSU argues that Champion's Title VII claims for failure to renominate, non-election, and disparate pay

must be dismissed because they fail to state a claim upon which relief can be granted. Dkt 39 at 9–16.

*As to renomination.* Champion's renomination claim was previously dismissed without prejudice for failure to state a cognizable legal theory. See Dkt 35 at 3–5.

Champion hasn't amended that claim, which will now be dismissed with prejudice.

*As to non-election.* TSU maintains that Champion's claim for non-election to the Eugene Harrington Professor of Law professorship doesn't constitute an adverse employment action, and that even assuming it did, it would be barred for failure to exhaust administrative remedies. Dkt 39 at 9–13. Both assertions are correct. See *Oller v Roussel*, 609 F App'x 770, 774 (5th Cir 2015, *per curiam*) (university decisions concerning professorship held not to be adverse employment action), and *Baker v McHugh*, 672 F App'x 357, 360–61 (5th Cir 2016, *per curiam*) (explaining failure to exhaust administrative remedies); see also Dkt 35 at 3–5.

Champion's non-election claim will be dismissed with prejudice.

*As to disparate pay.* TSU also argues that Champion's disparate pay claim must be dismissed on the basis that it constitutes an individual claim of discrimination, not a separate and distinct claim based upon a pattern and practice of discrimination. Dkt 39 at 13–17. And indeed, the Fifth Circuit holds, "The pattern and practice method of proof is almost exclusively used in class actions." *Celestine v Petroleos de Venezuella SA*, 266 F3d 343, 355–56 (5th Cir 2001), abrogated on other grounds by *National Railroad Passenger Corporation v Morgan*, 536 US 101, 122 (2002); see also *Roy v United States Department of Agriculture*, 115 F App'x 198, 201 (5th Cir 2004, *per curiam*). Champion must instead proceed under the *McDonnell Douglas* burden-shifting framework. *Celestine*, 266 F3d at 355.

For his part, Champion—in a single, spare paragraph—says that reference to a pattern and practice

4

of discrimination is just his way "of showing disparate impact and calculating damages." Dkt 42 at 20. But he doesn't connect this to contention that his cause of action as pleaded actually meets the *McDonnell Douglas* framework. And it's not the obligation of this Court to do Champion's work for him. See *American States Insurance Company v Bailey*, 133 F3d 363, 372 (5th Cir 1998) (failure to provide legal or factual analysis constitutes waiver); *Centerpoint Energy Houston Electric LLC v Harris County Toll Road Authority*, 246 F App'x 286, 289–90 (failure to respond on point raised in motion constitutes waiver); *Price v Digital Equipment Corporation*, 846 F2d 2026, 1028 (5th Cir, *per curiam*) (issues raised but not argued are abandoned).

True, Champion technically proceeds here *pro se*. But usual construction aids in favor of such litigants don't apply. In the first place, the complaint under review was drafted by prior counsel, who later determined to withdraw from representation. See Dkts 28–30, 40 & 46; see also ME 08/03/2020. And in the second, Champion is a tenured professor of law. His briefing is entitled to no favor due to a supposed lack of legal learning or skill. See *Wright v McCain*, 703 F App'x 281, 284 (5th Cir 2017, *per curiam*) (counsel held to higher standard than typical *pro se* litigant).

Champion's disparate pay claim will be dismissed with prejudice.

### 4. Potential for repleading

Rule 15(a)(2) states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create

5

undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

As discussed above, a prior motion to dismiss by TSU was granted with instruction to Champion that he could seek leave to amend, if desired, by April 23, 2021. Dkt 35 at 5. He didn't seek leave but instead unilaterally filed a first amended complaint on that day. Dkt 36. A motion by TSU to strike the same was granted, with Champion being advised that no further amendment would be allowed. See Dkts 37 & 38. There's also by now a well-worn path of recalcitrance and plainly substandard legal practice by Champion as both a procedural and substantive matter. See Dkt 43 at 3–4; see also Dkts 35, 38, 45 & 48. Dismissal will thus be with prejudice.

    5. Conclusion

The motion to dismiss by Defendant Texas Southern University is GRANTED. Dkt 39.

The claims by Plaintiff Walter T. Champion in this action are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on April 7, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge